J^GOTHARD, Judge.
On July 2, 1998, defendant, Steven Young, was charged with one count of possession of cocaine with the intent to distribute in violation of LSA-R.S. 40:967. Separately charged as a defendant was Nikki Dibartolo. On July 13, 1998, defendant was arraigned and he pled not guilty. On November 18, 1998, a hearing was held on defendant’s motion to suppress the evidence. For the purposes of the motion to suppress, defendant’s case was consolidated with Nikki Dibartolo’s case. On December 4, 1998, the trial court denied both defendant’s and Nikki Dibartolo’s motions to suppress.
On March 28, 1999, defendant pled guilty pursuant to a plea agreement, and reserving his right to appeal the denial of the motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The |3trial court sentenced defendant to a term of imprisonment of twenty (20) years. For the following reasons, we conditionally affirm defendant’s conviction and sentence and we remand to allow reopening of the hearing on the motion to suppress.

MOTION TO SUPPRESS

In this appeal, defendant alleges that the trial court erred by failing to suppress physical evidence gathered as a result of an illegal seizure. Defendant argues that the warrant issued in this case was not supported by probable cause.
At the hearing on the consolidated motions to suppress held on November 18, 1998, testimony was given by Detective Troy Hidalgo, Althea Duronselet, Rose Marie Fobb, and Nikki Dibartolo. During the testimony of Detective Hidalgo, defendant’s counsel sought to introduce into evidence the Winnie Court warrant. However, the trial court did not rule on the request to admit the warrant into evidence. Although the Lincoln Court warrant was referred by both the state and defense, the Lincoln Court warrant was not introduced and does not appear in the record before us on appeal.
The testimony established that on May 15, 1998, two search warrants were issued, one covering 507B Winnie Court and one covering 12 Lincoln Court, both located in LaPlace. Detective Hidalgo testified that the Winnie Court warrant was executed at approximately 9:15 p.m., and the Lincoln Court warrant was executed at approximately 9:58 p.m. The physical evidence sought to be suppressed in this case was seized in the Lincoln Court apartment.
LDetective Hidalgo also testified that prior to the issuance of the warrants, both the Winnie Court and Lincoln Court apartments were secured. As part of securing the Lincoln Court apartment, officers entered the apartment, performed a perimeter check, and barred access to the apartment by defendant’s family members. This securing of the Lincoln Court apartment occurred at approximately 4:00 in the afternoon on the day that the warrants were issued. Detective Hidalgo did not testify as to why the apartments were secured prior to the issuance of the warrants.
Detective Hidalgo testified that his warrant application was based on information received from a reliable confidential informant. When questioned about the reliability of the informant, Detective Hidalgo testified that he had obtained information from that source in the past that proved to be true and correct. He further testified that other members of the Narcotics Division had obtained information from that individual and it has proven to be true and correct.
*366 Detective Hidalgo also testified as to the events preceding the application, issuance and execution of the search warrants. He testified that defendant was involved in a shooting with his brother and several other individuals. Detective Hidalgo testified that an investigation was begun; and in the course of this investigation, he learned that defendant had concealed narcotics in an apartment located on Winnie Court. He also learned that the shooting was narcotics related. Detective Hidalgo also learned that as a result of the shooting incident, defendant was concealing narcotics at the Winnie Court address. He also testified that it was learned that on the date the search warrants were issued, defendant moved the narcotics to Lincoln | sCourt. Throughout this testimony, Detective Hidalgo did not reveal how or from who he learned any of this information.
Althea Duronselet, whose apartment is next door to the Winnie Court apartment, testified that officers entered the Winnie Court apartment at approximately 4:00 on May 15,1998 by Mcking in the door. Rose Marie Fobb, a resident of the Winnie Court apartment testified that at approximately 4:25 in the evening on May 15, 1998, she called home and a man answered her phone. She asked the man to identify himself, but he would not. When she arrived home at approximately 5:00 p.m., her door had been kicked in. There were police officers there, and they would not let her into her apartment.
The final witness to testify at the suppression hearing was Nikki Dibartolo, a resident of the Lincoln Court apartment on May 15, 1998. She testified that she arrived home at 9:00 p.m. on May 15,1998, to find police surrounding her apartment. She testified that the police admitted to her that they had been inside her apartment. She further testified that after a search warrant arrived items were seized from her apartment.
The bill of information reflects that during the search of the Lincoln Court apartment, cocaine was discovered. As a result of the discovery of the cocaine, defendant was arrested.
A search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La. Const. art. 1, See. 5 (1974); LSA-C.Cr.P. art. 162; State v. Duncan, 420 So.2d 1105, 1107 (La.1982). Probable cause exists “when- the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy | information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched.” State v. Johnson, 408 So.2d 1280,1283 (La.1982).
In 1983, the United States Supreme Court adopted a “totality of the circumstances” analysis for determining whether an informant’s tip established probable cause for issuance of a search warrant. The Supreme Court stated:
[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding]” that probable cause existed.
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The Louisiana Supreme Court followed the Gates approach in State v. Byrd, 568 So.2d 554, 559 (La.1990).
A magistrate’s determination of probable cause, prior to the issuance of a search warrant, is entitled to significant deference by the reviewing court. Further, marginal cases should be resolved in favor of finding a magistrate’s assessment to be reasonable. State v. Rodrigue, 437 So.2d 830, 833 (La.1983); State v. Bailey, *367 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588, 599, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971.
Louisiana Code of Criminal Procedure article 703 D provides that:
On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.
^Additionally, an affidavit supporting a search warrant is presumed to be valid and the defendant has the burden of proving that the representations in the affidavit are false. State v. Singleton, 98-387 (La. App. 5 Cir. 10/28/98), 723 So.2d 484, writ denied, 99-0101 (La.5/7/99), 741 So.2d 30; State v. Brown, 93-2089 (La.App. 4 Cir. 12/15/94), 647 So.2d 1250, 1253, writ denied, 95-0497 (La.12/6/96), 684 So.2d 921.
Normally, the law does not permit a reviewing court to go outside the four corners of a search warrant affidavit in reviewing a probable cause determination. State v. Duncan, 420 So.2d 1105 (La.1982); State v. Calderon, 630 So.2d 305 (La.App. 5 Cir.1993), writ denied, 94-1862 (La.12/9/94), 647 So.2d 1106.
In the present case, defendant argues that the warrant was not supported by probable cause.[1] Defendant argues that the affidavit failed to establish the necessary element of probable cause that the contraband or evidence to be seized would not have been disposed of, but would likely remain at the place to be searched at the time of the proposed search, citing State v. Lewis, 385 So.2d 226, 229 (La.1980). He further argues that the sole basis for Detective Hidalgo’s affidavit was that the confidential informant had reliable information, and that there was no evidence offered in the affidavit establishing that the confidential informant was reliable and that the affidavit merely stated that the informant was reliable.
^Evaluating these claims that the affidavit failed to establish probable cause appears to be impossible because the affidavit is not contained in the record, and without the affidavit it is impossible for us to determine what evidence the magistrate had to determine whether probable cause was established.
The trial court in his reasons for denying the motion to suppress, appears to apply the good faith exception to the warrant.[2] However, without the warrant affidavit, we cannot determine whether the good faith rule could be applicable herein.
We note that our inquiry does not end here. Although much of defendant’s argument centers on the failure of the affidavit to support a finding of probable cause, defendant also argued during the suppression hearing and on appeal that exigent circumstances did not support the police officer’s entry into the Lincoln Court apartment prior to the issuance of the warrant. Accordingly, defendant alleges, the evidence seized should be suppressed.
At the suppression hearing, Detective Hidalgo testified that prior to applying for the search warrant he secured the Lincoln Court apartment by entering the apartment to check if anyone was inside and barring anyone from entering until after the search warrant was obtained and executed. The detective testified that the *368 apartment was not searched until the search warrant was obtained. Defendant presented the testimony of Nikki | aDibartolo who lived in the Lincoln Court apartment. She testified that when she arrived home at approximately 9:00 p.m. on the night of May 15, 1998 there were police officers outside her home. Upon her arrival, the police told her that they had entered her home. She testified that after the officers showed her the search warrant they began to search the apartment and seize evidence.
A search conducted without a warrant is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La. 1993); State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, 817, writ denied, 96-2655 (La.4/14/97), 692 So.2d 445. When the constitutionality of a war-rantless search is at issue on a motion to suppress, the state bears the burden of proving that the search, or in this case the seizure, was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5 Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866.
In State v. Bearden, 449 So.2d 1109 (La.App. 5 Cir.1984), writ denied, 452 So.2d 179 (La.1984), this court found that the prohibitions of the Fourth Amendment apply to seizing and securing a residence as well as searching it, and therefore, either a warrant would be required or an exception to the warrant requirement found to justify such a seizure and secu-rance.
In the present case, there is little testimony concerning the exigent circumstances which caused the officers to secure the Lincoln Court apartment prior to the issuance of a search warrant. Again we are unable to |indetermine whether sufficient exigent circumstances existed to justify the securing of the Lincoln Court apartment. Furthermore, this court cannot determine the effect that this prior search has on the admissibility of the evidence seized pursuant to the warrant.
Because the failure of the record to include the affidavit precludes our determination of whether there was probable cause for a search, and if lacking probable cause, whether the officers acted in good faith, and further precludes a determination of whether the officers had exigent circumstances sufficient to justify entry prior to the obtaining the warrant, and if not, a finding that the warrant was not tainted by the initial illegal entry, we will remand this case for a reopening of the suppression hearing. See, State v. Landry, 98-0188 (La.1/20/99), 729 So.2d 1019.

ERRORS PATENT

We have reviewed the record for errors patent, according to La.-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and, State v. Godejohn, 425 So.2d 750 (La.1983), and we note the following error.
In this case, when the trial judge sentenced defendant, he only advised him that he had a three year prescriptive period within which to file an application for post conviction relief. More accurately, defendant should have been informed that he has three years after the judgment of conviction and sentence has become final. State v. Alexis, 98-1145 (La.App. 5 Cir. 6/1/99), 738 So.2d 57; State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346.
1 n Therefore, we instruct the trial court to send appropriate written notice to defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289.
For the above discussed reasons, we conditionally affirm defendant’s conviction and sentence and we remand the matter *369 for reopening of the defendant’s motion to suppress to allow introduction and consideration of the Lincoln Court warrant.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED FOR REOPENING OF HEARING ON DEFENDANT’S MOTION TO SUPPRESS.

. Defendant bolsters his argument by pointing to the language of the affidavit itself. However, in making his arguments, it appears that he fails to realize that he is quoting the Winnie Court warrant affidavit when he should be referring to the Lincoln Court warrant affidavit because the evidence sought to be suppressed was seized in the Lincoln Court apartment.

. In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that evidence seized under a constitutionally defective warrant should not be suppressed where the officers acted in good faith, and in objectively reasonable reliance on the validity of the warrant.