831 So.2d 542 (2002)
STATE of Louisiana
v.
Jose PEREZ.
No. 02-KA-587.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 2002.
Rehearing Denied December 18, 2002.
*544 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, Lisa B. Schneider, Assistant District Attorneys, Gretna, LA, for Appellant.
Frank Sloan, Mandeville, LA, for Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
The State of Louisiana appeals from a trial court's ruling that granted defendant, Jose Perez's, Motion To Quash the bill of information. For the following reasons, we vacate the judgment of the trial court and remand this matter to the trial court for a reopening of the Motion to Quash hearing.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Jose Perez ("Perez"), with third offense operating a vehicle while intoxicated ("DWI") on October 12, 2001, following two previous DWI convictions in the Second Parish Court for the Parish of Jefferson.[1] Specifically, the bill of information alleges that defendant was first convicted of DWI on September 21, 1999 in case number S628049, and again on January 29, 1997 in case number S614387.[2]
Perez filed a motion to quash the bill of information on the basis that he was unrepresented in the 1997 DWI guilty plea, that he was not advised of the right to appointed counsel if he was indigent, and that he had not validly waived his right to counsel. After a hearing, the Honorable Ross LaDart granted the motion to quash. The State timely filed the present appeal.

LAW AND ARGUMENT
In its sole assignment of error, the State contends that the trial judge's failure to advise Perez of the right to appointed counsel if he was indigent is irrelevant, considering that the transcript of the 1997 DWI guilty plea reflects a valid waiver of the right to counsel. Perez responds that his waiver of counsel was invalid because the trial judge failed to inform him that he had the right to appointed counsel if he was indigent. Perez further contends that the State is therefore precluded from using the 1997 guilty plea to enhance a subsequent DWI offense.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea.[3] If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the *545 taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea.[4] However, even after State v. Carlos, the State still has the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI offense.[5]
Article I, Section 13 of the Louisiana Constitution provides as follows regarding the right to counsel:
When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment.
Further, LSA-C.Cr.P. art. 514 requires that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right."
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent.[6] Once informed of the right to counsel, the defendant may intentionally waive that right.[7] In accepting a waiver of counsel, the trial judge should inform the accused of the nature of the charges, and the penalty range, and the judge should inquire into the accused's age, education and mental condition.[8]Strain, however, did not "establish inflexible criteria or a magic word formula for determining the voluntariness of the waiver."[9] Rather, the determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case.[10] Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.[11]
In this case, at the hearing on the motion to quash, Perez introduced a copy of the transcript of the 1997 guilty plea, which reflects that he was advised of his rights pursuant to Boykin v. Alabama,[12] and the right to an attorney as follows:
THE COURT:
Mr. Perez, did you just review this Waiver of Rights form (indicating form)?
THE DEFENDANT:

*546 Yes, sir.
THE COURT:
Is this your signature you signed at the bottom (indicating)?
THE DEFENDANT:
Yes.
THE COURT:
At this time I am going to read over this form so that we can put it on the record. In the appropriate spots you will need to answer out loud so your answer can go on the record. Do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
If you have any questions or don't understand something, stop and ask me and I will explain it to you. Do you understand that?
THE DEFENDANT:
Yes, sir.
THE COURT:
It is my understanding you are wishing to enter a plea of guilty to driving while intoxicated first offense; is that correct?
THE DEFENDANT:
Yes.
THE COURT:
Do you understand that by entering a plea of guilty you are giving up the following rights? You are giving up your right to a trial by judge. Do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
You are giving up your right to require the State to prove you guilty beyond a reasonable doubt. Do you understand that?
THE DEFENDANT:
Yes, sir.
...
THE COURT:
Do you understand that you are entitled to the assistance of a lawyer, but at this time you are wishing to waive that right and enter this plea without the assistance of a lawyer?
THE DEFENDANT:
I understand that.
...
THE COURT:
Is this plea made totally and voluntarily on your part?
THE DEFENDANT:
Yes.
THE COURT:
At this time the Court finds the defendant has made a knowing and intelligent and voluntary waiver of his rights and accepts his plea of guilty to driving while intoxicated first offense. At this time I am going to sentence you to thirty days in Parish Prison and suspend it and place you on active probation for a term of one year. As condition of your probation you are to attend the driver improvement program, substance abuse program, do thirty-two hours of community service work, and pay a fine of two hundred dollars plus the cost of court. Do you have any questions, sir?
THE DEFENDANT:
No, sir.
As the foregoing colloquy reflects, the trial judge informed Perez that he had the right to counsel, but failed to specifically tell defendant he had the right to appointed counsel if he was indigent. Thus, the issue to be decided is whether the trial judge sufficiently advised defendant of the right to counsel.
*547 In a similar case, State v. Theriot,[13] the predicate record reflected that the trial judge properly advised defendant of his Boykin rights, but failed to advise defendant at all of his right to counsel in his predicate guilty plea. However, the record contained a waiver of rights form, encompassing all of the rights stated by the trial judge as well as the right to counsel, and appointed counsel if indigent. Further, the record of the predicate offense reflected that the defendant had been advised of his right to counsel at arraignment. Based on all of these factors, this Court concluded that the record reflected a valid waiver of the right to counsel, even though the trial judge did not inquire into defendant's background or education, and even though the trial judge did not verbally advise defendant of his right to counsel.[14]
We also note that the Louisiana Supreme Court has emphasized that the determination of a valid waiver of counsel depends on the entire record and not just by certain magic words used by the judge.[15] Because the instant case only contains the transcript of the predicate plea, the entire record has not been reviewed.
The courts of appeal and the Louisiana Supreme Court have remanded cases for reopening of a motion hearing under certain circumstances.[16] Accordingly, we remand this matter for a reopening of the motion to quash hearing to determine, as per Theriot, supra, and Strain, supra, to determine whether the information regarding the right to appointed counsel was contained in the waiver of rights form at issue signed by Perez.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux,[17] and State v. Weiland.[18] We note the following:
The bill of information contains a clerical error in that the defendant's first predicate conviction of January 29, 1997 in case number S614387 is listed as the second conviction. In State v. Jason,[19] the Fourth Circuit found that a typographical error in the multiple bill that listed the wrong date of one of defendant's convictions was not prejudicial to the defendant. The court reasoned that the defendant knew which prior plea was being used in the multiple bill, since the bill contained the correct case number and section of court. Similarly, there is no indication in the present case that Perez was prejudiced by the listing of the predicate pleas in the reverse order. Thus, we find that the clerical error in the bill of information is harmless.
Accordingly, based on the foregoing, we vacate the judgment of the trial court and remand this matter for a reopening on the Motion To Quash hearing.
JUDGMENT VACATED; REMANDED.
*548 DALEY, J., dissents with reasons:
I respectfully dissent from the majority's decision to remand. Based on the evidence introduced at the motion to quash hearing, the State failed to establish that the defendant knowingly and intelligently waived his right to counsel before pleading guilty to the 1997 predicate misdemeanor DWI, and therefore, I would affirm the trial court's granting of the Motion to Quash.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State has the burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. If the defendant was unrepresented at the predicate guilty plea, the State must establish that the defendant knowingly and intelligently waived his right to counsel before pleading guilty. State v. Boudreaux, 99-1017 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, 508.
If the State meets its initial burden under Carlos, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. State v. Carlos, at 559. The State may prove the constitutionality of the plea with a perfect transcript or other documentation:
The State will meet this burden by producing a `perfect' transcript of the guilty plea colloquy ... Anything less than a `perfect' transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced.
State v. Carlos, at 559, Footnote omitted.
Article I, Section 13 of the Louisiana Constitution provides that a person who "has been arrested or detained in connection with the investigation or commission of any offense ... shall be advised fully of his right to the assistance of counsel and, if indigent, his right to court appointed counsel." This section further provides that "[a]t each stage of the [criminal] proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment."
LSA-C.Cr.P. art. 514 requires that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right."
In this case, the defendant introduced a copy of the transcript of his 1997 predicate DWI guilty plea. According to this transcript, the judge did not advise the defendant of his right to court appointed counsel. The State did not introduce any other documentation at the hearing on the motion to quash to show that the defendant was advised of and waived his right to court appointed counsel.
After considering the transcript, the trial judge in the instant case obviously determined that the State failed to meet its burden of establishing the defendant knowingly and intelligently waived his right to counsel before pleading guilty in the predicate plea. I find no error in the trial judge's conclusion in this regard. I would affirm the decision to grant the Motion to Quash without remanding since it was the State's burden to prove the *549 validity of the predicate offense and they failed to meet their burden.
NOTES
[1] LSA-R.S. 14:98(D).
[2] We note that there is apparently a clerical error in the bill of information, considering that the 1999 DWI conviction is alleged to have occurred before the 1997 conviction.
[3] State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. State v. Carlos extended the burden-shifting principles applicable to multiple offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La.1993), to the recidivist provisions of the DWI statute.
[4] Id.
[5] State v. Boudreaux, 99-1017 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, 508.
[6] State v. Strain, 585 So.2d 540, 543 (La. 1991).
[7] State v. Strain, 585 So.2d at 542.
[8] Id. at 544.
[9] State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 845.
[10] Id. at 845.
[11] State v. Strain, 585 So.2d at 544.
[12] 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)
[13] 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078.
[14] State v. Theriot, 782 So.2d at 1085.
[15] State v. Strain, 585 So.2d at 543.
[16] For example, in State v. Young, 99-880 (La.App. 5 Cir. 1/12/00), 751 So.2d 364, 368, this Court conditionally affirmed the defendant's conviction and remanded for a reopening of the suppression hearing because the record failed to include the search warrant affidavit.
[17] 312 So.2d 337 (La.1975).
[18] 556 So.2d 175 (La.App. 5 Cir.1990).
[19] 99-2551 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, 873, writ denied, 01-37 (La.11/9/01), 801 So.2d 357,