879 So.2d 689 (2004)
STATE of Louisiana
v.
Donald DEVILLE.
No. 2004-KK-1401.
Supreme Court of Louisiana.
July 2, 2004.
PER CURIAM.
The state seeks review of a judgment in the district court granting defendant's motion to quash the bill of information charging him with third offense Driving While Intoxicated [D.W.I.] on grounds that one *690 of the prior convictions alleged in the bill, a guilty plea to driving under the influence in Mississippi in January 1998, failed to reflect a valid waiver of counsel, although defendant had signed a form at the time of the plea acknowledging that he had been advised of his right to counsel and waived that right. The court of appeal affirmed on grounds that the contemporaneous records of the guilty plea in Mississippi produced by the state at the hearing on the motion to quash did not show that the trial court "determine[d] on the record that the waiver [was] made knowingly and intelligently under the circumstances," taking into account such factors as "age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge." State v. Deville, 03-2436, p. 5 (La.App. 1st Cir.5/14/04), 879 So.2d 204, 207 (citation omitted)(McClendon, J., dissenting). Because we agree with the dissenting views of Judge McClendon that the state's evidence revealed a presumptively valid conviction as to which the defendant offered no countervailing evidence at the hearing on the motion to quash, we grant the state's writ and reverse the rulings below.
This Court has long subscribed to the view that uncounseled misdemeanor D.W.I. convictions may not serve as the predicate for enhancement of a subsequent D.W.I. offense in the absence of a valid waiver of counsel. State v. Deroche, 96-1376, p. 2 (La.11/8/96), 682 So.2d 1251, 1252; State v. Pugh, 588 So.2d 702 (La. 1991); State v. Wiggins, 399 So.2d 206, 207-08 (La.1981); State ex rel. Bishop v. Blackburn, 384 So.2d 406, 408 (La.1980); City of Monroe v. Fincher, 305 So.2d 108, 109-10 (La.1974). At least with respect to guilty pleas taken in Louisiana, this rule applies without regard to whether the defendant actually served a term of imprisonment for the prior offense. An accused in this state has the constitutional right to counsel as a matter of La. Const. art. I, § 13 in any case in which he or she is "charged with an offense punishable by imprisonment," without regard to whether imprisonment is actually imposed. State v. Stevison, 97-3122, p. 1 (La.10/30/98), 721 So.2d 843, 844. In this respect, Louisiana law provides broader protection than the Sixth Amendment requires. Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994)(prior uncounseled misdemeanor convictions which did not result in actual imprisonment may serve to enhance sentence upon conviction for a subsequent offense even though the enhanced sentence entails imprisonment)(overruling Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980)); see also Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)(Sixth Amendment right to counsel does not attach at trial of a misdemeanor offense which does not result in actual imprisonment).
The documents produced by the state at the hearing on the motion to quash indicate that the defendant received a fine only after pleading guilty in the Mississippi court. The decisions of the trial court and the court of appeal in the present case therefore rest on the premise that the state was nevertheless required to show a valid waiver of counsel although neither the Sixth Amendment nor the jurisdiction in which defendant entered his plea would accord him the same measure of protection.[1] We need not address that underlying assumption because the state's documents were in fact sufficient to discharge any burden it may have had with respect to the defendant's waiver of counsel. In State v. Carlos, 98-1366 *691 (La.7/7/99), 738 So.2d 556, we held that for recidivist D.W.I. prosecutions the state may satisfy an initial burden of production and persuasion by proving the fact of a prior D.W.I. conviction by way of a guilty plea and the defendant's representation by counsel at the time he or she entered the plea without regard to whether the plea was entered in this state or elsewhere. The burden then shifts to the defendant to produce evidence of a significant procedural irregularity in the plea. In the event that he does so, the burden then shifts back to the state to produce other contemporaneous records of the guilty plea, including a transcript of the plea colloquy, to demonstrate that the defendant made a valid waiver of his right to trial. Carlos, 98-1366 at 6-7, 738 So.2d at 559.
We first adopted an identical rule in State v. Shelton, 621 So.2d 769 (La.1993), for habitual offender proceedings under La.R.S. 15:529.1, to demarcate sharply the differences between direct review of a conviction resulting from a guilty plea, in which an appellate court may not presume a valid waiver of rights from a silent record, Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), and collateral attack on a final conviction used in a subsequent recidivist proceeding, as to which a presumption of regularity attaches to promote the interests of finality. We drew that distinction in Shelton because Boykin "does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained." Parke v. Raley, 506 U.S. 20, 30, 113 S.Ct. 517, 524, 121 L.Ed.2d 391 (1992).
In Shelton and Carlos, the defendants had been represented by counsel at the time they entered their prior guilty pleas. We therefore had no occasion to discuss how the presumption of regularity applies to a case in which the defendant entered his prior guilty plea unrepresented by counsel but after apparently executing a waiver of his right to counsel recorded in the contemporaneous documents of the guilty plea, i.e., in a case in which the face of the record does not reveal a constitutional defect. Cf. Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967)(prior felony conviction which on its face indicated that the defendant proceeded to trial unrepresented by counsel and without waiving counsel may not be used in subsequent sentence enhancement proceedings). In the present case, the form used in the Mississippi court, signed by both the trial judge and the defendant, gave advice with respect to the right to counsel, either retained or appointed, and provided the defendant with an explicit waiver of that right, attesting that he had read the statement of his rights, that he understood the advice, that he was willing to proceed without counsel, and that he did so freely and voluntarily.
Our decision in Carlos entitled the state to rely on this waiver form in discharging its initial burden of proving a prior valid conviction for D.W.I. If a court may, in the context of a collateral attack on a prior conviction used in recidivist proceedings, presume from the fact of conviction alone, i.e., from a silent record, that the defendant knowingly and intelligently waived his right to trial, then a court may also presume from a record which is not silent with respect to the waiver of counsel that the defendant made a knowing and intelligent decision to proceed without the guiding *692 hand of an attorney and that the trial court would not have accepted the waiver if the contrary had appeared. See Parke, 506 U.S. at 30, 113 S.Ct. at 523 ("`[T]here is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'")(quoting Voorhees v. Jackson, 35 U.S. (10 Pet.) 449, 472, 9 L.Ed. 490 (1836)). It remains for the defendant to show otherwise if he is able to do so and for the trial court ultimately to resolve the question in light of all of the circumstances surrounding entry of the guilty plea. See, e.g., State v. Couture, 289 Mont. 215, 959 P.2d 948, 950-51 (1998)(although defendant executed affidavits that he was not advised of his right to counsel in prior D.U.I. guilty pleas, trial court did not abuse its discretion in finding on the basis of waiver forms executed contemporaneously with the pleas that the defendant was advised of his right to counsel and waived that right).
The judgment below granting the motion to quash is therefore vacated, and this case is remanded to the district court for further proceedings consistent with the views expressed herein.
NOTES
[1] Because the prior conviction resulted in a sentence of a fine only, Mississippi would consider the conviction presumptively valid for use in a subsequent recidivist D.U.I. prosecution without regard to the sufficiency of defendant's purported waiver of counsel. See Ghoston v. State, 645 So.2d 936, 938-39 (Miss. 1994)(applying Nichols v. United States); Sheffield v. City of Pass Christian, 556 So.2d 1052, 1053 (Miss.1990); Nicholson v. State, 761 So.2d 924, 930-31 (Miss.App. 2000).