895 So.2d 50 (2005)
STATE of Louisiana
v.
Jose PEREZ.
No. 04-KA-1052.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2005.
*52 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Frank A. Brindisi, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellant.
Frank Sloan, Mandeville, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
By this appeal, the state challenges the trial court's granting of defendant's motion to quash the bill of information. For the reasons which follow, we vacate the judgment of the trial court and remand the matter for further proceedings.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Jose Perez, with third offense operating a vehicle while intoxicated ("DWI") on October 12, 2001, following two previous DWI convictions in 1997 and 1999. See LSA-R.S. 14:98(D). Defendant pled not guilty and filed a motion to quash the bill of information on the basis that he was unrepresented in the 1997 DWI guilty plea, that he was not advised of the right to appointed counsel if he was indigent, and that he had not validly waived his right to counsel. The trial judge granted the motion, finding that the transcript of the predicate plea did not show that defendant was advised of his right to appointed counsel if he was indigent. From that ruling, the state appealed.
This court, in State v. Perez, 02-587 (La.App. 5 Cir. 11/26/02), 831 So.2d 542, writ denied, 03-0221 (La.5/2/03), 842 So.2d 1100, vacated the judgment and remanded the matter to the trial court to reopen the hearing on the motion to quash to determine whether "the information regarding the right to appointed counsel was contained in the waiver of rights form" that was signed by defendant. On June 12, 2003, the trial court held a hearing at which the state introduced a waiver of rights form signed by defendant from defendant's 1997 guilty plea. The form reflected that defendant was advised of his right to appointed counsel if indigent. However, the trial judge granted the motion to quash, finding that the corresponding transcript, which had been introduced at the previous hearing, did not reflect that defendant had been personally advised by the trial judge that he was entitled to appointed counsel if he was indigent. From this ruling, the state now appeals.[1]
In its appellate brief, the state contends that the trial judge erred in granting the motion to quash because the record of defendant's 1997 DWI guilty plea establishes a valid waiver of the right to counsel. *53 Specifically, the state references the 1997 transcript, which reflects defendant was personally advised of his right to counsel by the trial court and waived that right, along with the waiver of rights form, which reflects that defendant was advised of the right to counsel if indigent and that he waived that right. Defendant responds that the trial judge properly granted the motion to quash because the trial judge correctly determined that his waiver of counsel was invalid, considering that the transcript did not reflect that he was informed of his right to appointed counsel if indigent.
Article I, Section 13 of the Louisiana Constitution guarantees a defendant the right to counsel in any case punishable by a term of imprisonment, regardless of whether imprisonment is actually imposed.[2]State v. Deville, 04-1401 (La.7/2/04), 879 So.2d 689, 690 (per curiam). A defendant has the right to counsel under the Sixth Amendment of the United States Constitution only where a sentence of imprisonment is imposed. Scott v. Illinois, 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). A sentence of imprisonment includes a suspended sentence in which the defendant is placed on probation. Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). In the present case, defendant was sentenced to a suspended sentence of thirty days in parish prison in his 1997 predicate offense. State v. Perez, 831 So.2d at 546. Therefore, he was entitled to a right to counsel under both the federal and state constitutions.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the state bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559.[3] When the plea is uncounselled, the state must also show a waiver of counsel. State v. Deville, 879 So.2d at 690. If the state meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the state must prove the constitutionality of the plea. State v. Deville, 879 So.2d at 691; State v. Carlos, 738 So.2d at 559.
In State v. Deville, supra, the Louisiana Supreme Court held that the state is entitled to rely on a well executed waiver form in discharging its initial burden of proving a prior valid conviction for DWI. In Deville, the defendant was charged with third offense DWI. He filed a motion to quash the bill of information on the basis that he did not knowingly and intelligently waive his rights when pleading guilty to his second predicate DWI. As evidence for that predicate, the state introduced an abstract of the court record indicating defendant's conviction, a certified copy of the criminal affidavit and breath test, and a certified copy of a waiver of the right to be represented by an attorney. The trial court granted the motion. The state appealed and the appellate court affirmed on the grounds that the state failed to prove that the defendant validly waived his right *54 to counsel because there was no showing that the trial judge in the predicate plea determined that the waiver of counsel was made knowingly and intelligently, taking into account factors such as the age, education, and background of the accused. State v. Deville, 03-2436 (La.App. 1 Cir. 5/14/04), 879 So.2d 204.
The Louisiana Supreme Court reversed, finding the state's evidence revealed a presumptively valid conviction and that defendant had offered no evidence to the contrary. In reviewing the waiver form in the predicate plea, the Louisiana Supreme Court pointed out that the waiver form was signed by the trial judge and the defendant, and it advised the defendant of his right to counsel, either appointed or retained. The form also provided the defendant with an explicit waiver of that right. The form reflected defendant attested that he had read the statement of rights, that he understood the advice, that he was willing to proceed without counsel, and that he did so freely and voluntarily. The Deville court concluded that the state's evidence discharged its initial burden of proving the validity of the DWI conviction, and the defendant had offered no evidence to the contrary. State v. Deville, 879 So.2d at 690.
In the present case, the transcript introduced by the defendant at the first hearing on the motion to quash showed that defendant pled guilty to DWI in 1997. The transcript reflected that defendant was advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It also revealed that the trial judge informed defendant of his right to counsel and that defendant waived that right. However, as defendant points out, the trial judge failed to specifically tell defendant that he had the right to appointed counsel, if indigent. Mindful of the Louisiana Supreme Court's emphasis that a waiver of counsel depends on the entire record, not just certain "magic words" used by the trial judge, this court remanded the matter for consideration of whether the waiver of rights form contained "information regarding the right to appointed counsel." State v. Perez, 831 So.2d at 547. Following remand, the state produced the contemporaneously executed waiver form signed by defendant and the trial judge. The form outlined defendant's rights and the fact that defendant was waiving these rights by pleading guilty. Specifically, the form advised defendant of his Boykin rights, as well as the right to have the assistance of an attorney, and to appointed counsel if he could not afford an attorney. Defendant acknowledged that the trial judge thoroughly explained his rights to him; he understood them; and he had no further questions to ask. He further acknowledged that he entered the pleas knowingly, intelligently, freely, and voluntarily.
In State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, this court found a knowing and intelligent waiver of the right to counsel in factually similar circumstances. In Theriot, the predicate record reflected that the trial judge properly advised defendant of his Boykin rights, but failed to advise defendant at all of his right to counsel in his predicate guilty plea. However, the record contained a waiver of rights form, encompassing all of the rights stated by the trial judge as well as the right to counsel, and appointed counsel if indigent. Further, the record of the predicate offense reflected that the defendant had been advised of his right to counsel at arraignment. Based on all of these factors, this court concluded that the record reflected a valid waiver of the right to counsel, even though the trial judge did not inquire into defendant's background or education, and *55 even though the trial judge did not verbally advise defendant of his right to counsel.
As in Theriot, the waiver of rights form in this case informed defendant of his right to counsel, and to appointed counsel if indigent. This form, in addition to the transcript from the 1997 guilty plea, shows that defendant was adequately advised of his right to counsel, and that he knowingly and voluntarily waived that right. Therefore, based on the evidence presented, we find that the state met its burden of proof with regard to the validity of the predicate plea, as explained in State v. Deville, supra. Considering that defendant offered no countervailing evidence to meet his burden, we find that the trial court erred in granting defendant's motion to quash the bill of information.
Accordingly, for the reasons set forth herein, we vacate the judgment of the trial court which granted defendant's motion to quash and remand the matter for further proceedings consistent with the views expressed herein.
JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] In his appellate brief, defendant contends that the state's appeal should be dismissed as untimely. However, we find no merit to this claim. Immediately after the trial court granted defendant's motion to quash, the state orally noted its intent to take an appeal. The court took note of the state's intention, and thereafter, defense counsel orally moved to withdraw from the matter and have the Louisiana Appellate Project appointed to represent defendant for purposes of the state's appeal. Thereafter, the trial court signed an order appointing the Louisiana Appellate Project to represent defendant on appeal. Although there is no written motion for appeal contained in the record, there is a notation in the record's index that states, a "[c]omputer entry of 7/10/93 indicates `Motion for Appeal walked up to division ...'; motion not found in record." Given these circumstances, we find that the state sufficiently preserved its right to appeal.
[2] Further, LSA-C.Cr.P. art. 514 requires that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right."
[3] State v. Carlos extended the burden shifting principles applicable to multiple offenders, as established in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist provisions of the DWI statute.