J^CLARENCE E. McMANUS, Judge.
The State appeals from a judgment of the trial court granting defendant’s motion to quash the indictment. For the reasons that follow, we affirm the decision of the trial court ■
On October 10, 2003, defendant, Glenn P. Wise, was charged by bill of information with operating a vehicle while intoxicated (“DWI”), third offense, in violation of LSA-R.S. 14:98(D). The bill of information charged that on April 11, 2003, defendant operated a motor vehicle while intoxicated, and that defendant had been convicted of DWI on two prior occasions. The first predicate conviction set forth was obtained on July 11, 1997, in the First Parish Court in Jefferson Parish, Docket No. F1110980, and the second predicate conviction was obtained on June 19, 2000, in New Orleans Traffic Court, Docket No. X207184. ■
Defendant filed a motion to quash the bill of information, alleging that the two prior predicate offenses were invalid for enhancement purposes. Defendant -contends that, when he pled guilty in the prior *390 offenses, he was not sufficiently advised of his rights. Therefore, there was no knowing and intelligent waiver of those rights. Further, defendant argued he was not represented by counsel for the first conviction and that the trial court did not adequately ensure that defendant knowingly and intelligently waived his right to counsel. Also as to his first |3conviction, defendant alleged that the trial court did not advise him that he was entitled to appointed counsel if he could not afford counsel. The trial court granted the motion to quash, finding that the guilty plea of the first predicate conviction was defective. In this appeal, the State contends that the trial court was in error in finding that the guilty plea was defective and in granting the motion to quash.
Regardless of whether imprisonment is actually imposed, Article I, Section 13 of the Louisiana Constitution guarantees a defendant the right to counsel in any case punishable by a term of imprisonment.[1] See, State v. Deville, 04-1401 (La.7/2/04), 879 So.2d 689, 690 (per curiam) (citing State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844). A defendant has the right to counsel under the Sixth Amendment of the United States Constitution only where a sentence of imprisonment is imposed. See, Scott v. Illinois, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). A sentence of imprisonment includes a suspended sentence in which the defendant is placed on probation. See, Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). In the present case, defendant was sentenced to sixty days imprisonment with fifty-nine days suspended and was placed on active probation for six months for his 1997 predicate offense. Therefore, he was entitled to a right to counsel under both the federal and state constitutions.
When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that the defendant was represented by an attorney during the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559.[2] However, when the plea is uncounselled, the State must also show a valid waiver of counsel. State v. Deville, 879 So.2d at 690 and the citations therein. If the State meets this initial burden, the defendant must produce affirmative evidence demonstrating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. Id. at 691; State v. Carlos, 738 So.2d at 559. Anything less than a “perfect” transcript requires the trial judge to weigh the evidence submitted and determine whether the defendant’s Boykin[3] rights were prejudiced. State v. Carlos, supra.
In State v. Deville, supra, the Louisiana Supreme Court held that the State is entitled to rely on a well-executed waiver form in discharging its initial burden of proving a prior valid conviction for DWI. Id. at 691-692. See also State v. Perez, 04-1052 (La.App. 5 Cir. 1/25/05), 895 So.2d 50.
*391 In the present case, it appears that the State met the first prong of its initial burden by providing proof of the existence of a guilty plea for defendant’s 1997 predicate conviction. However, the record reflects that defendant was not represented by counsel at the time he pled guilty to this offense. Because the plea was un-counselled, the State had the burden of proving a valid waiver of counsel.
The record contains defendant’s Waiver of Constitutional Rights: Plea Under the Provisions of Code Criminal Procedures Art. 894 form which provided the following paragraph:
If I elect to have a trial, I have a right to have a competent counsel represent me at the trial and if I am unable to pay for counsel the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to | Bappeal with competent counsel and by pleading GUILTY I am waiving these rights.
In addition, the defendant in the present case signed a certificate which stated:
I hereby certify that the above rights have been read and explained to my full satisfaction by _, and that I have no further questions to ask concerning my rights and that this acknowledgment by me will become part of these proceedings.
Defendant inserted his name in the blank provided. That is, defendant attested that he read and explained the above rights to himself. On this form, the trial judge signed her name but there is no signature of a defense counsel. The only other evidence produced in the present case was an entry which provided that the plea was under article 894 and that “DEFENDANT ADVISED BY COURT OF RIGHTS TO COUNSEL.” However, as argued by the defendant at the hearing, this appears to be a stamp and does not satisfy the State’s burden of proof. In addition, a computer printout of the Clerk of Court’s minute entries reflects that defendant was advised of his Boykin rights at the time of his arraignment and thereafter on July 25, 1997.
The State argues that the above mentioned paragraph stated in the waiver form regarding defendant’s right to counsel at trial and on appeal and his waiver of such right is a valid waiver of his right to counsel. However, the defendant argued at the hearing that the waiver only regarded his right to counsel if he elected to proceed to trial. In addition, the defendant argued the judge was required to question him regarding his qualifications and instead he was given the form to read and explain to himself. The trial court concluded the following:
I find that it is highly unusual that a Boykin form constituting a waiver of constitutional rights, which includes a plea under Article 894, is signed by the defendant, indicates that the defendant is unrepresented by counsel, and it’s acknowledgement that it’s been read and explained to the defendant is filled in by the defendant and | ^signed by the defendant. Now, if that corroborates, or if that consists of the noted minute entry which said the defendant is advised by court of rights to counsel, then I should think it should be included here in this affidavit, that he was advised by someone other than himself. And I find that this is defective.
We find that the State failed to prove that defendant was advised of his right to counsel and that he knowingly and intelligently waived his right to counsel in pleading guilty to the 1997 predicate offense. The waiver form only advised defendant of his right to counsel at future stages of the proceedings and did not include defendant’s right to and waiver of *392 counsel at the time defendant entered his guilty plea. Compare State v. Garrity, 97-958 (La.App. 5 Cir. 1/27/98), 708 So.2d 1096. Even in light of State v. Deville, 04-1401, supra, it does not appear that this was a presumptively valid conviction. Although it appears that Deville lessened the State’s burden of proving a waiver of counsel, the State’s proof in Deville was greater than that present in the case at hand. In Deville, the waiver form in the predicate plea advised the defendant of his right to counsel, either appointed or retained, and provided the defendant with an explicit waiver of that right. The form reflected defendant attested that he had read the statement of rights, that he understood the advice, that he was willing to proceed without counsel, and that he did so freely and voluntarily. (Emphasis added). It is not apparent from the waiver of rights form signed by the defendant that such advice was given in this case.
In brief to this Court, the State argues that because defendant was advised of his right to counsel at future stages of the proceedings and waived that right that it can be inferred that he was aware that he held a right to counsel at the time he pled guilty and waived that right as well. We decline to make such an assumption, believing that the waiver of rights form must show that the defendant was advised that he had the right to counsel during his guilty plea.
|7For the above discussed reasons, we find that the State’s evidence failed to prove the validity of the predicate DWI conviction, and therefore the trial court did not err in granting the motion to quash. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

.Further, LSA-C.Cr.P. art. 514 requires that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant’s right to counsel, including the right to court-appointed counsel, and that he waived such right.”

. State v. Carlos extended the burden shifting principles applicable to multiple offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La.1993), to the recidivist provisions of the DWI statute.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).