CLARENCE E. McMANUS, Judge.
 

 | ^Defendant, Lionel J. Wetzel, was charged by bill of information filed on January 23, 2008, with Fourth Offense operating a vehicle while intoxicated (“DWI”), a violation of LSA-R.S. 14:98(A)(E). After the denial of his Motion To Quash, defendant withdrew his not guilty plea and pled guilty as charged, reserving his right to appeal the denial of his Motion To Quash. On that same date, the trial judge sentenced defendant to 10 years at hard labor with all but 60 days suspended,
 
 [1]
 
 credit for time served, a $5,000.00 fine, and various other special conditions of probation. The sentence was ordered to run concurrently with the sentence given in Twenty-Fourth Judicial District Court case # 08^119. Defendant’s appeal follows.
 

 Because defendant pled guilty and did not proceed to trial, the facts are adduced from the bill of information. The bill pro
 
 *700
 
 vided that on or about December 4, 2007, defendant operated a vehicle while intoxicated after having been previously convicted three times
 
 [2]
 
 of violating LSA-R.S. 14:98.
 

 |sIn his sole allegation of error, defendant contends the trial judge erred in denying the motion to quash because the record of defendant’s 1998 DWI guilty pleas on the first and second predicate offenses do not establish a valid waiver of the right to counsel. Specifically, the defendant asserts that the plea colloquy of February 20, 1998, does not establish that the trial judge asked him about whether he wished to waive counsel. He argues that, had the two such convictions been quashed, then the charge to which he pled in the matter presently under appeal herein would have only been a second offense DWI, which would have been a misdemeanor with a maximum jail sentence of six (6) months. LSA-R.S. 14:98.
 

 The State responds that the record shows that defendant was advised of his right to counsel and to appointed counsel in the waiver of rights form in the two predicate offenses at issue, and that he initialed the form thereby indicating that he both understood and waived his rights. The State further asserts that the 1998 transcript reflects that defendant was personally advised of his right to counsel and to appointed counsel by the trial court and waived that right.
 

 Article I, Section 13 of the Louisiana Constitution guarantees a defendant the right to counsel in any case punishable by a term of imprisonment, regardless of whether imprisonment is actually imposed.
 
 State v. Deville,
 
 04-1401 (La.7/2/04), 879 So.2d 689, 690 (per curiam). A defendant has the right to counsel under the Sixth Amendment of the United States Constitution only where a sentence of imprisonment is imposed.
 
 Scott v. Illinois,
 
 440 U.S. 367, 374, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). A sentence of imprisonment includes a suspended sentence in which the defendant is placed on probation.
 
 Alabama v. Shelton,
 
 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). In the present |4case, defendant was sentenced to a suspended sentence of six months in parish prison in his 1998 predicate offenses. Therefore, he was entitled to a right to counsel under both the federal and state constitutions.
 

 When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea.
 
 State v. Carlos,
 
 98-1366 (La.7/7/99), 738 So.2d 556, 559.
 
 [3]
 
 When the plea is uncounseled, the State must also show a waiver of counsel.
 
 State v. Deville,
 
 879 So.2d at 690, and the citations therein. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitu
 
 *701
 
 tionality of the plea.
 
 Deville,
 
 879 So.2d at 691;
 
 Carlos,
 
 788 So.2d at 559.
 

 The State is entitled to rely on a well-executed waiver form in discharging its initial burden of proving a prior valid conviction for DWI.
 
 Deville,
 
 879 So.2d at
 
 691
 

 [4]
 

 ; State v. Theriot,
 
 00-870 (La.App. 5 Cir. 1/80/01), 782 So.2d 1078.
 
 [5]
 
 In the present case, the transcript introduced by the defendant as an exhibit to his |r,motion to quash showed that defendant pled guilty to two DWI charges on February 20, 1998. Therefore, the State met the first prong of its initial burden. The transcript reflected that defendant was advised of his right to counsel and appointed counsel, if indigent. The record also contains a contemporaneously-executed waiver form signed by defendant and the trial judge. The form outlined defendant’s rights and the fact that defendant was waiving these rights by pleading guilty. Specifically, the form advised defendant of his
 
 Boykin
 
 rights, as well as the right to have the assistance of an attorney, and to appointed counsel if he could not afford an attorney.
 
 [6]
 
 Defendant acknowledged that the trial judge thoroughly explained his rights to him; he understood them; and he had no further questions to ask. He further acknowledged that he entered the pleas knowingly, intelligently, freely and voluntarily. We find that the state’s evidence met the initial burden of proving the validity of defendant’s guilty plea.
 

 Once the state met its initial burden, defendant became obligated to produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant produced no evidence in this case. Considering that defendant offered no countervailing evidence to meet his burden, we find that the trial court did not err in denying the motion to quash.
 
 [7]
 

 In his brief, the defendant also raises several other claims for the first time on appeal which were not presented
 
 *702
 
 to the district court in his Motion To Quash. Specifically, the defendant contends that the judge in the predicate convictions at issue erred in not advising defendant during his prior guilty pleas of the maximum sentence allowed by law, the actual sentence to be imposed, or that defendant could ask questions of the judge if he did not understand anything in the ^proceedings. Defendant also asserts that the judge in the predicate convictions failed to inquire into his education, experience, background, or competency. Generally, a new issue that has not been submitted to the trial court for a decision cannot be raised for the first time on appeal.
 
 State v. Shank,
 
 05-421 (La.App. 5 Cir. 2/14/06), 924 So.2d 316, 326. Thus, these issues are not properly before this Court. Furthermore, while defendant states these issues, he did not brief them to this Court. A mere statement of an assignment of error in a brief does not constitute briefing of the assignment, and, therefore, we find these assignments to be abandoned.
 
 State v. Williams,
 
 632 So.2d 351 (La.App. 1st Cir.1993),
 
 writ denied,
 
 94-1009 (La.9/2/94), 643 So.2d 139.
 

 We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and find none which warrant attention.
 

 For the above discussed reasons the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . At the time of the instant offense, LSA-R.S. 14:98(E)(l)(a) provided that "Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.” It is noted, however, that Acts 2008, No. 161, § 1, substituted "Seventy-five” for "Sixty” in the second sentence of subparagraph (E)(1)(a). The law in effect at the time of the offense governs.
 
 State v. Hyde,
 
 2007-1314 (La. 11/21/07), 968 So.2d 726.
 

 [2]
 

 . The previous convictions were identified in the record as: "the first time being on 2/20/1998, under Docket Number S659855 in the Second Parish Court-Division B,”; "the second time being on 2/20/1998, under Docket Number S640310 in the Second Parish Court-Division B,”; "the third time being on 5/14/2001 under Docket Number 329485 in the Twenty-Second Judicial District Court Division F, in violation of R.S. 14:98[.]”.
 

 [3]
 

 .
 
 State v. Carlos
 
 extended the burden shifting principles applicable to multiple offenders, as established in
 
 State v. Shelton,
 
 621 So.2d 769, 779-80 (La.1993), to the recidivist provisions of the DWI statute.
 

 [4]
 

 . In
 
 Deville,
 
 the defendant was charged with third offense DWI. He filed a motion to quash the bill of information on the basis that he did not knowingly and intelligently waive his rights when pleading guilty to his second predicate DWI. As evidence for that predicate, the State introduced an abstract of the court record indicating defendant's conviction; a certified copy of the criminal affidavit and breath test; and a certified copy of a waiver of the right to be represented by an attorney. In reviewing the waiver form in the predicate plea, the Louisiana Supreme Court pointed out that the waiver form was signed by the trial judge and the defendant, and it advised the defendant of his right to counsel, either appointed or retained. The form also provided the defendant with an explicit waiver of that right. The form reflected defendant attested that he had read the statement of rights; that he understood the advice; that he was willing to proceed without counsel; and that he did so freely and voluntarily.
 

 [5]
 

 . In
 
 Theriot,
 
 defendant was charged with 3rd offense DWI. The predicate record reflected that the trial judge properly advised defendant of his Boykin rights, but failed to advise defendant at all of his right to counsel in his predicate guilty plea. However, the record contained a waiver of rights form, encompassing all of the rights stated by the trial judge as well as the right to counsel, and appointed counsel if indigent. Further, the record of the predicate offense reflected that the defendant had been advised of his right to counsel at arraignment. Based on all of these factors, this Court concluded that the record reflected a valid waiver of the right to counsel, even though the trial judge did not inquire into defendant's background or education, and even though the trial judge did not verbally advise defendant of his right to counsel.
 

 [6]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).
 

 [7]
 

 .
 
 Deville
 
 held that, once the State established its initial burden, it remained for the defendant to show evidence of a significant procedural irregularity in the plea.
 
 Id.
 
 at 689, 692.