PAUL A. BONIN, Judge.
liThe district attorney appeals the trial judge’s sustaining Tynisha Cobb’s motion to quash and dismissing the felony theft charge against her. Ms. Cobb’s written motion to quash filed in the trial court argued that the four-year time from commission of offense to institution of prosecution against her had expired. See La. R.S. 14:67 B; La.C.Cr.P. arts. 532(7), 572 A(2).
Here, in support of her argument, she relies upon the arresting officer’s affidavit in support of the warrant for her arrest in order to ascertain the date of the offense as December 28, 2007. But the investigating officer’s affidavit was not admitted into evidence during the hearing, and thus its contents, even though physically placed in the record, cannot be considered by us. See State v. Jackson, 11-1280, p. 11 (La.App. 4 Cir. 8/22/12), 99 So.3d 1019, 1026. See also Denoux v. Vessel Management Services, Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88 (“Evidence not properly and officially offered and introduced cannot be considered, even if physically placed in the record.”).
| ?The bill of information itself, however, alleges that Tynisha Cobb committed a felony theft on February 10, 2011. The defendant did not seek a bill of particulars, the district attorney did not amend the bill of information; and the trial judge did not order any amendment. See La.C.Cr.P. arts. 487 and 488. And the bill was filed on January 25, 2012, which date constitutes the institution of the prosecution in his matter. See La.C.Cr.P. art. 382 A.
Under these circumstances, we necessarily accept the facts as set forth in the bill of information as true. See State v. Schmolke, 12-0406, pp. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-299. And we review a ruling on the motion to quash under the de novo standard, under which standard we afford no deference to the trial judge’s legal conclusion. Id., 12-0406, p. 4, 108 So.3d at 299. Thus, on its face, the bill of information charges a crime which was committed within the limitation *30 period, and the trial judge incorrectly sustained Ms. Cobb’s motion to quash.
DECREE
The trial judge’s ruling which sustained Tynisha Cobb’s motion to quash, dismissed the charges against her, and discharged her is reversed.[1] The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED
JENKINS, J., dissents with reasons.

. .Because we reverse the trial judge’s ruling, we need not consider the district attorney's arguments on áppeal that the trial judge erred because the four-year limitation period had been extended under La.C.Cr.P. art. 573(1) or interrupted under La. C.Cr.P. arts. 575(1) or 579(1).