FREDERICKA HOMBERG WICKER, Judge.
IsThe State of Louisiana appeals from a trial court’s ruling that granted Defendant, Shante Whitley’s, Motion to Quash the bill of information. For the following reasons, we vacate the judgment of the trial court *659 and remand this matter for a reopening of the Motion to Quash hearing.

FACTUAL AND PROCEDURAL HISTORY

On October 24, 2013, the Defendant, Shante Whitley, was charged by bill of information with one count of knowingly and intentionally possessing a controlled dangerous substance, to wit, Promethazine with Codeine, by fraud and deceit, a violation of La. R.S. 40:971. Thereafter, Ms. Whitley filed a motion to quash the bill of information, alleging that the State failed to timely institute prosecution. On August 20, 2014, the trial court granted the motion. From that judgment, the State filed this timely appeal.
In her motion, Ms. Whitley argued that the bill of information conflicts with other official documents, namely the probable cause affidavit for arrest and the application for arrest warrant, which indicate the offense occurred at a much earlier date than what was alleged in the bill of information. Specifically, Ms. Whitley | sargued in her motion that the probable cause affidavit for arrest stated that the offense occurred on November 9, 2007, while the application for arrest warrant stated that the offense occurred on December 12, 2008. Moreover, Ms. Whitley alleged that in other portions of the affidavit for arrest and the application for arrest warrant the State Trooper indicated the incident occurred on October 18, 2010. None of these dates match the date listed on the bill of information, which alleged Ms. Whitley committed the charged offense on October 19, 2010.
Ms. Whitley argued that if the offense was committed in 2007 or 2008, as she alleged was reflected by the probable cause affidavit for arrest and the application for arrest warrant, respectively, the four-year prescriptive period within which to file felony charges against her had expired. Alternatively, Ms. Whitley maintained that the bill as authored was inaccurate because none of the other dates, which she alleged were reflected in the various official documents, matched the date the State provided on the bill of information, warranting the granting of her motion to quash.
On August 20, 2014, the motion to quash was set for hearing. At that time, the State orally informed the trial court as follows:
Your Honor, I have to tell the Court I haven’t had an opportunity to review this. We can take it up if the Court would like. My preference would be that we pass it for me to investigate it; but I will do whatever the Court wants.
The trial court demurred. It neither heard testimony nor received evidence. Without hearing or further oral argument, the trial court granted Defendant’s motion to quash based upon the face of the motion, ruling as follows:
Well, let me tell you what I see on the Motion to Quash. The Bill of Information charges the Defendant with offense, saying that the offense occurred on October 19th, 2010. The Affidavit, the Probable Cause for the arrest that the offense occurred on November 9th, 2007. The Application for the Warrant says the offense occurred on ^December 12th, 2008. And the other portion of the document, the State stated that the incident occurred on October 18th, 2010. Based on all these conflicting dates the Court is going to grant the Motion to Quash.

DISCUSSION

Louisiana Code of Criminal Procedure article 532 sets out general grounds for a motion to quash and provides, in pertinent part, that a motion to quash may *660 be based on the grounds that “[t]he time limitation for the institution of prosecution or for the commencement of trial has expired.” Here, Defendant based her motion to quash on her allegation that the prosecution was untimely under La. C.Cr.P. art. 572(A)(2), which provides that no person shall be prosecuted for “a felony not necessarily punishable by imprisonment at hard labor” unless the prosecution is instituted within four years “after the offense has been committed.” The bill of information itself alleges that Defendant violated La. R.S. 40:971 on October 19, 2010, and the bill of information was filed on October 24, 2013, within the four-year time limitation imposed by La.C.Cr.P. art. 572(A)(2).
Louisiana Code of Criminal Procedure article 577 provides that the State “shall not be required to allege facts showing that the time limitation [for prosecution] has not expired.” La.C.Cr.P. art. 577. However, when the issue is raised, as is the case here, “the [S]tate has the burden of proving the facts necessary to show that the prosecution was timely instituted.” Id. This Court has explained that when a defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to show that prescription was interrupted or suspended. State v. Watts, 99-57 (La.App. 5 Cir. 05/19/99), 738 So.2d 628, 629. Because of this heavy burden, the state should be given time to respond to the motion to quash and satisfy its burden. Id. In this case, the State has not yet been provided an opportunity to do so.
|sAs discussed above, the trial court based its decision on the conflicting dates the State claimed Ms. Whitley committed the offense. However, neither the probable cause affidavit for arrest nor the application for arrest warrant were admitted into evidence in the proceedings below. Even if they were attached to her motion, as Ms. Whitley claims, which they are not, we still would be unable to review them.[1] Thus, it appears this Court has nothing to review on appeal to determine whether the trial court abused its discretion because the documentation which references the differing offense dates is: (a) not physically contained in the record, and (b) was not officially offered and admitted into evidence at the motion hearing.
Accordingly, because the evidence on which the trial court based its decision is not part of the record on appeal, nor offered into evidence in the case at bar, after accepting the facts as set forth in the bill of information as true, this Court finds that the bill of information, on its face, charges a crime which was committed within the limitation period set forth by La.C.Cr.P. art. 572(A)(2). Thus, the trial court incorrectly granted Defendant’s motion to quash.
However, our analysis does not end here. Tellingly, at the motion to quash hearing, the State requested the opportunity to investigáte the matter. The trial court, however, declined this request and granted the motion to quash without giving the State the opportunity to satisfy its heavy burden of proof.
*661 This Court has remanded other cases to reopen a hearing on a motion under circumstances similar to the instant case. For example, in State v. Young, this | fiCourt conditionally affirmed the defendant’s conviction and remanded for a reopening of the suppression hearing because the record failed to include the search warrant. 99-880 (La.App. 5 Cir. 01/12/00), 751 So.2d 364, 365. Similarly, in State v. Perez, noting that the entire record could not be reviewed, this Court remanded the matter to reopen a motion to quash hearing. 02-587 (La.App. 5 Cir. 11/26/02), 831 So.2d 542, writ denied, 03-0221 (La.5/2/03), 842 So.2d 1100. Similarly, here too the record is incomplete.
This Court applies an abuse of discretion standard when reviewing a trial court’s determination on a motion to quash. State v. Lommasson, 11-536 (La.App. 5 Cir. 11/29/11), 81 So.3d 796, 799. For the reasons outlined above, we find the trial court abused its discretion when granting the motion to quash. Therefore, we vacate the judgment of the trial court and remand this matter for a reopening of the motion to quash hearing.
VACATED: REMANDED.

. Exhibits and attachments not properly and officially offered and admitted into evidence cannot be considered, even if it is physically filed into the trial court record. Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88; State v. Cobb, 13-0431 (La.App. 5 Cir. 6/25/14), 161 So.3d 28; Scheuermann v. Cadillac of Metairie, Inc., 11-1149 (La.App. 5 Cir. 5/31/12), 97 So.3d 423, 427; Jackson v. United Services Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 515. Documents attached- to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux, 07-2143, 983 So.2d at 88.