STATE OF LOUISIANA

VERSUS

TIMOTHY P. ROUSSEL

NO. 19-K-189

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 75,23, DIVISION "A"
HONORABLE JASON VERDIGETS, JUDGE PRESIDING

July 15, 2019

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED; MOTION TO QUASH**
**INDICTMENT GRANTED**
 **HJL**
 **SJW**
 **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Ricky L. Babin
    Charles S. Long
    Robin C. O'Bannon

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
    Jeffrey M. Landry
    Grant L. Willis
    Barry D. Milligan

COUNSEL FOR DEFENDANT/RELATOR,
TIMOTHY P. ROUSSEL
    Ralph Capitelli
    Brian J. Capitelli
    Justine G. Daniel

**LILJEBERG, J.**

Defendant/relator, Timothy P. Roussel, seeks review of the trial court's March 13, 2019 Judgment, which denied his Motion to Quash the Indictment for Violation of Grand Jury Secrecy. Defendant argues that during the grand jury proceedings which led to his indictment, assistant district attorneys for the Parish of St. James ("ADA") disclosed the testimony of prior grand jury witnesses to subsequent witnesses while appearing before the grand jury. Defendant contends these disclosures violated laws governing grand jury secrecy and provided a basis to quash his indictment pursuant to *State v. Gutweiler*, 06-2596 (La. 4/8/08), 979 So.2d 469. For the following reasons, we grant defendant's writ application and quash his indictment based on our finding that the State violated grand jury secrecy.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2016, a St. James Parish grand jury indicted defendant, Timothy P. Roussel, with six counts of malfeasance in office in violation of La. R.S. 14:134. The indictment states that, in his capacity as the St. James Parish President, defendant committed six counts of malfeasance of office when he improperly "gave/donated/loaned" the resources of St. James Parish for the benefit of a private business and several individuals all in violation of La. Const. Art. 7 § 14 and La. R.S. 42:1461. In Count 1, the indictment states defendant "gave/donated/loaned" a gas line, meter and labor costs to Millennium Galvanizing "without a contract with Millenium Galvanizing for the payment of the gas line, meter and labor costs, for the cost of the gas, or the use of or transportation of gas through parish lines."

Count 2 alleges that defendant authorized St. James Parish to pay $9,100.00 to drive 24 piles on private property. In Counts 3, 4 and 5, respectively, the State alleges that defendant authorized Blaise Gravois, St. James Parish Director of Operations and Public Works, to use public employees and equipment on private

properties to remove a shed (Count 3), demolish a mobile home (Count 4) and remove a playhouse and debris (Count 5). Finally, in Count 6, the State alleges that defendant authorized the use of public employees and public equipment to enhance and/or improve private property for the sole benefit of the private property owner at a cost to St. James Parish in the amount of $25,000. The indictment alleges that the work provided by the Parish in each of these instances served no legitimate public purpose.

In his writ application, defendant indicates that on August 22, 2018, the State, though the Office of the Louisiana Attorney General, filed a sealed Motion for *In Camera* Inspection of Grand Jury Transcripts.[1] Defendant contends he was not notified that the State filed this motion until several months later. In the motion for *in camera* inspection, the Attorney General's Office indicated it had recently received the transcripts from the grand jury proceedings conducted by assistant district attorneys in the St. James Parish District Attorney's Office, which included testimony from 36 witnesses presented to the grand jury on several different dates starting in June 2016 and continuing through September 2016. Upon receipt, the Attorney General's Office immediately reviewed the materials for "potential exculpatory information or other grand jury irregularities that would require reporting to the Court and/or opposing counsel in accordance with Louisiana Code of Criminal Procedure Article 434.1(B)."[2]

The Attorney General's Office further explained that it completed "review sheets" for each of the 36 witnesses. On these review sheets, the Attorney General's Office noted "numerous situations where the questioning ADA refers back to grand jury testimony of other witness [sic]." On the review sheet for each

---

[1] The St. James Parish District Attorney's Office and Office of the Louisiana Attorney General are both enrolled as counsel for the State of Louisiana in these proceedings. According to the parties, the Attorney General is serving as lead counsel.
[2] La. C.Cr.P. art. 434.1(B) provides that "[t]he district attorney shall also disclose to the defendant material evidence favorable to the defendant that was presented to the grand jury."

witness, the Attorney General's Office noted the page number of the questioning and testimony at issue and coded the interaction as either "G" or "PG," which is short for "Gutweiler/Potential Gutweiler," respectively.[3] The Assistant Attorney General's Office also noted testimony that it considered "potential Brady"[4] material and coded each of these instances as "'PB' with an explanation as to why it might be exculpatory in brackets."[5]

The Attorney General Office's motion for *in camera* inspection also provided the trial court with the following discussion of the Louisiana Supreme Court rulings regarding grand jury secrecy in *Gutweiler*, *supra*, and *State v. Gourgues*, 16-2255 (La. 10/16/17), 226 So.3d 1116:

> As recently as last year, the Louisiana Supreme Court upheld the principle from *Gutweiler* when they stated La. Code of Criminal Procedure Article 434 'prohibits the divulgence of testimony and other matters occurring during grand jury meetings.' *State v. Gourgues*, 2016-2255 (La. 10/16/17) 226 So.3d 1116.

### III.

> In *State v. Gutweiler*, 06-2596 (La. 04/08/08) 979 So.2d 469, the Court held a defendant is not required to show prejudice or injury in order to have an indictment quashed for the State's violation of grand jury secrecy because it would be impossible for the accused to prove the injury before the trial. It is not the fact whether prejudice actually resulted that is of primary and vital concern, but that an opportunity was made possible to exert prejudice and influence on members of the grand jury that must be guarded against. The disclosure of the transcript of a witness's grand jury testimony to another witness, prior to his testimony, is a violation of grand jury secrecy no different than that of the presence of an unauthorized person in the grand jury room, and can require quashal of the indictment without the necessity of the accused showing prejudice or injury thereby. *Gutweiler* at id.

On October 29, 2018, the trial court issued a judgment with written reasons on the State's motion for an *in camera* inspection of the grand jury materials. In

---

[3] As discussed more fully below, the Attorney General's Office noted 26 *Gutweiler* violations and 6 potential *Gutweiler* violations on review sheets for 13 of the grand jury witnesses.

[4] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963).

[5] Defendant does not raise any issues relating to potential *Brady* materials in the instant writ application. However, defendant does have a pending writ before this Court in Case No. 19-K-143, wherein he seeks review of the trial court's decision that the State did not have to disclose any of the materials presented for *in camera* inspection to the trial court by the Attorney General's Office. Based on our decision below to grant the instant writ application, we issued a ruling on July 15, 2019, in Case No. 19-K-143 finding the matter moot.

the judgment, the trial court stated it examined the grand jury material "searching for any evidence that would appear to be exculpatory or favorable to the Defendant, Timothy Roussel, as is required under the *Brady* standard." The trial court further noted "instances in which there were references to prior grand jury testimony." However, the trial court did not discuss the issue raised by the State as to whether these "references" violated grand jury secrecy pursuant to *Gutweiler*. Rather, the trial court concluded that after its in-camera review, "there was no evidence of material that would qualify for disclosure under the standards laid out in *Brady* or its progeny at this time."

On or about November 16, 2018, defendant filed the motion to quash the indictment at issue before this Court. In his motion, defendant noted that the State admitted to disclosing grand jury witness testimony to other grand jury witnesses. Defendant argued that these disclosures violated La. C.Cr.P. art. 434 and *Gutweiler*, *supra*, and that the release of prior grand jury testimony to another grand jury witness is sufficient by itself to quash the indictment.

The State, in its opposition, conceded that "there were instances where prior grand jury witness testimony was shared with subsequent testifying grand jury witnesses during their questioning under oath before the grand jury." However, it argued that in this case, unlike *Gutweiler*, all the disclosures took place during the meeting of the grand jury, at which both the grand jurors and the witnesses were sworn to secrecy such that they could not disclose what occurred at the meeting. The State distinguished *Gutweiler*, noting that in that case, the prosecution gave transcripts of one of the witness' grand jury testimony to two subsequent grand jury witnesses prior to their testimony and outside of the grand jury proceedings.

The State further argued that there can be no violation of grand jury secrecy during a meeting of the grand jury. It hypothesized that if a grand juror asked a

4

question about another grand juror's testimony, then an indictment would be immediately subject to quashal and "turn grand jury proceedings on their head."

Defendant filed a response, maintaining that the indictment should be quashed. He argued the State did not contend the disclosures they acknowledged were authorized by any exception set forth in La. C.Cr.P. art. 434, nor did it claim that it had a "compelling necessity" for divulging secret grand jury testimony to other witnesses. He argued that since these are the only situations in which disclosure is allowed, the State's argument that the disclosures were permissible because they took place during the meeting of the grand jury has no legal basis. He further argued that no statutory or constitutional exception to grand jury secrecy authorizes a prosecutor to examine one grand jury witness by disclosing the testimony of another grand jury witness.

After holding a hearing on the motion to quash the indictment on February 19, 2019, the trial court took the matter under advisement. On March 13, 2019, the trial court issued a judgment with reasons denying the motion to quash. In its judgment, the trial court reasoned the present matter was distinguishable from *Gutweiler*, because in that matter the prosecutor provided transcripts of a prior grand jury witness to an expert who would testify before the grand jury at a later time. The trial court also noted that it previously reviewed the grand jury transcripts, "did not find any impropriety on the part of the prosecution," and concluded that defendant "made no showing that there was a violation of grand jury secrecy." The trial court also mentioned this Court's decision in a related case, *State v. Gravois*, 18-615 (La. App. 5 Cir. 2/26/2019) (unpublished writ disposition) (JJ. Chaisson, Johnson, Windhorst), where after reviewing the grand jury transcripts, the Court "found no information contained therein that would warrant under applicable law and jurisprudence, the production of any portion of

5

the grand jury transcripts."[6]  In denying the motion to quash, the trial court determined that "after a review of the record the *Gutweiler* disclosure factors were not met."

## **DISCUSSION**

In his writ application, defendant delineates two assignments of error:

(1) The District Court abused its discretion in determining that the State's unauthorized divulgence of grand jury testimony did not violate grand jury secrecy.

(2) The District Court abused its discretion by finding that the State's unauthorized disclosure of grand jury testimony did not warrant quashal of the indictment under *Gutweiler*.

Defendant first argues that Louisiana's grand jury secrecy laws generally prohibit all persons having confidential access to grand jury information from divulging the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury.  He argues that the only exceptions permitting disclosure are set forth in La. C.Cr.P. arts. 434 and 434.1, and there is no exception to grand jury secrecy that authorizes the disclosure of a grand jury witness' testimony to another grand jury witness at any time before, during, or after the grand jury proceedings.  He avers that if the legislature wanted to create an exception allowing the State to reveal secret grand jury testimony to other grand jury witnesses, it would have done so.  He notes that following the *Gutweiler* decision, the legislature enacted a statutory exception specifically allowing the State to disclose "information and documents provided to a grand jury" to its expert witnesses and investigators.  He further maintains that the State did not obtain or seek judicial authorization before making such disclosures of grand jury testimony to subsequent grand jury witnesses.

---

[6] As discussed more fully below, the State did not file a motion for *in camera* inspection and did not provide review sheets noting *Gutweiler* and potential *Brady* issues in the related matter, *State v. Gravois*, 18-615 (La. App. 5 Cir. 2/26/2019).  Furthermore, the defendant in the related matter, Blaise Gravois, did not raise any issues relating to *Gutweiler* in his writ application.

6

He finally argues that he is not required to establish any impropriety on the part of the prosecution in order to have the indictment quashed; he contends the release of the materials themselves should be sufficient by itself to quash the indictment.

This Court applies an abuse of discretion standard when reviewing a trial court's determination on a motion to quash. *State v. Whitley*, 14-737 (La. App. 5 Cir. 03/25/15), 169 So.3d 658, 661; *State v. Lommasson*, 11-536, 11-538 (La. App. 5 Cir. 11/29/11), 81 So.3d 796, 799. A trial court abuses its discretion by denying a motion to quash if its ruling is based on an erroneous view or application of the law. *State v. Hayes*, 10-1538 (La. App. 4 Cir. 9/1/11), 75 So.3d 8, 15, *writ denied*, 11-2144 (La. 3/2/12), 83 So.3d 1043 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

*Grand Jury Secrecy*

Regarding grand jury secrecy, La. Const. Art. V, § 34(A) states:

> There shall be a grand jury or grand juries in each parish, whose qualifications, duties, and responsibilities shall be provided by law. ***The secrecy of the proceedings, including the identity of witnesses, shall be provided by law.*** [Emphasis added.]

The Louisiana Legislature permits the disclosure of grand jury testimony in limited circumstances. La. C.Cr.P. art. 434, governing the secrecy of grand jury proceedings, was enacted in 1972 and remains unchanged to date:

A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.

7

B. Whenever a grand jury of one parish discovers that a crime may have been committed in another parish of the state, the foreman of that grand jury, after notifying his district attorney, shall make that discovery known to the attorney general. The district attorney or the attorney general may direct to the district attorney of another parish any and all evidence, testimony, and transcripts thereof, received or prepared by the grand jury of the former parish, concerning any offense that may have been committed in the latter parish, for use in such latter parish.

C. Any person who violates the provisions of this article shall be in constructive contempt of court.

Therefore, La. C.Cr.P. art. 434 permits the disclosure of grand jury information in four instances: (1) after the indictment, persons present may reveal statutory irregularities occurring during grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court; (2) a court may permit disclosure of grand jury testimony to show a grand jury witness committed perjury; (3) a witness may discuss his testimony with the court, attorney general, district attorney, or counsel for the person under investigation or indicted; and (4) after notification to his district attorney, the foreman of a grand jury who discovers a crime may have been committed in another parish shall make that discovery known to the attorney general, and the district attorney or attorney general may direct any relevant evidence and testimony to the district attorney of another parish. *See State v. Ross*, 13-175 (La. 3/25/14), 144 So.3d 932, 938-39.

In *State v. Peters*, 406 So.2d 189, 190-91 (La. 1981), the Louisiana Supreme Court recognized an exception to grand jury secrecy by determining that *Brady*, *supra*, required a prosecutor to disclose a witness's grand jury testimony to a defendant when the testimony contained material exculpatory evidence. *See Ross*, *supra*.

In 2012, the Louisiana legislature codified this exception, as well as two additional exceptions, by enacting La. C.Cr.P. art. 434.1, which provides as follows:

8

A. Notwithstanding the provisions of Article 434, the state may disclose to state or federal prosecutors or law enforcement officers, or to investigators on the staff of the district attorney or attorney general, or to expert witnesses, information and documents provided to a grand jury. Any person to whom such disclosure is made shall not engage in further disclosure of the material and shall use the disclosed material solely for purposes of investigation of criminal offenses and enforcement of criminal laws.[7]

B. The district attorney shall also disclose to the defendant material evidence favorable to the defendant that was presented to the grand jury.

C. The district attorney may also disclose to a witness at trial, including the defendant if the defendant testifies, any statement of the witness before the grand jury that is inconsistent with the testimony of that witness.

Accordingly, these three additional exceptions: 1) permit the State to disclose information and documents provided to the grand jury to state and federal prosecutors and law enforcement, as well as expert witnesses and investigators on its staff; 2) require the district attorney to disclose to a defendant material evidence favorable to the defendant; and 3) permit a district attorney to disclose to a trial witness his grand jury testimony that is inconsistent with his trial testimony.

The Louisiana Supreme Court has recognized that La. C.Cr.P. art. 434 prohibits the divulgence of testimony and other matters occurring during grand jury proceedings. *Gutweiler*, 979 So.2d at 479; *State v. Gourgues*, 16-2255 (La. 10/16/17), 226 So.3d 1116. In *Ross*, *supra*, the Supreme Court further declared that outside of the specific statutory exceptions allowing for the disclosure of grand jury testimony, "a party seeking disclosure of state grand jury materials must show a compelling necessity for the materials." *Id.* at 938. The *Ross* court further noted that "the required showing of compelling necessity for the release of grand jury information applies to government attorneys as well as private litigants." *Id.*; *see also In Re Grand Jury*, 98-2277 (La. 4/13/99), 737 So.2d 1, 10.

---

[7] In *Gutweiler*, *supra*, the Louisiana Supreme Court determined the State violated grand jury secrecy because La. C.Cr.P. art 434 did not allow the State to provide grand jury materials to its expert witness and investigator without prior court approval. The Louisiana Legislature enacted La. C.Cr.P. art. 434.1(A), which now permits disclosure of information and documents provided to the grand jury to State experts and witnesses.

The *Ross* court also outlined the many reasons for maintaining grand jury secrecy, including the promotion of free and open disclosure of information by witnesses and acting as a shield to protect innocent people under investigation from sustaining injury to their reputations:

> Secrecy helps to prevent the escape of prospective indictees by providing no forewarning to them of the investigation in progress; it insures that the grand jury investigation can proceed freely by protecting the grand jurors from outside influences and threats of reprisal; it serves to prevent the subordination of perjury and tampering of witnesses by targets of the investigation; it promotes free and open disclosure of information by witnesses without fear of retaliation; and it acts as a shield by protecting innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. However, the secrecy of grand jury proceedings is not absolute. This court has stated that in some situations, justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings.

*Id.* at 937; *see also In re Grand Jury*, 737 So.2d 11.

As discussed above, the State in the instant matter asked the trial court to conduct an *in camera* review of the grand jury testimony for *Gutweiler* and *Brady* material. In *Gutweiler*, *supra,* the Louisiana Supreme Court determined that the State violated grand jury secrecy by providing a transcript of a prior witness' grand jury testimony to witnesses the State planned to bring before the grand jury at a later date and quashed the defendant's indictment. *Id*. at 477-78. In that case, the State provided the transcript to its chief forensic arson expert witness without obtaining prior court approval. The expert later testified before the grand jury. The State also provided grand jury transcripts to its lead investigator in order to facilitate his investigation of perjury by certain grand jury witnesses, also without court approval. The trial court found the State violated grand jury secrecy laws by providing transcripts to these individuals without prior court approval and granted the defendant's motion to quash the indictment against him. The appellate court affirmed. *Id.* at 483-84.

10

In its writ application to the Supreme Court, the State argued that La. C.Cr.P. art. 434 permitted disclosure of grand jury proceedings to law enforcement investigators and experts hired by the State, contending they should be considered as part "all persons having access to grand jury proceedings," under Article 434(A). However, following a discussion of the law governing statutory interpretation and after reviewing the laws governing grand jury secrecy as a whole, the Supreme Court found that the State's interpretation was not supported by the language of the statute and did not conform to the purpose of the law, that is, to mandate the secrecy of witness testimony and all other matters occurring at a convening of the grand jury. *Id.* at 477.

In the present matter, the State does not dispute that it disclosed prior grand jury testimony to subsequent grand jury witnesses during the grand jury sessions. In the review sheets provided with its motion for *in camera* inspection, the State noted 32 "*Gutweiler*" and "Potential *Gutweiler*" violations. In most instances noted on the review sheets, the ADA informed the witness that a document or testimony was provided by a certain individual during their prior testimony before the grand jury. We note that the ADA disclosed the identity and content of the testimony of one particular grand jury witness to two subsequent witnesses in a manner that clearly indicated the ADA believed the testimony provided by the prior witness was evasive and unbelievable.[8] In another instance, the ADAs disclosed a prior witness' testimony regarding the pile driving services provided by the Parish on private property as alleged in Count 2 and provided commentary to the subsequent witness indicating that the prior witness engaged in criminal activity. During this exchange, the ADA also mischaracterized the substance of another witness' testimony regarding requests to the Parish to provide assistance with the pile driving services.

---

[8] The content of this witness' testimony related to Count 1 involving the gas line and meter provided by the Parish to Millenium Galvanizing.

11

In its opposition to the motion to quash, the State argued the present situation is distinguishable from *Gutweiler* because the State's disclosures of prior grand jury testimony to subsequent witnesses took place during a grand jury session. The State argued that it cannot violate grand jury secrecy during a meeting of the grand jury. The State noted that unlike the investigator and expert in *Gutweiler*, the grand jury witnesses to whom the State disclosed prior grand jury testimony were sworn to secrecy and cannot disclose what occurs or what they learn at the meeting. The State pointed out that La. C.Cr.P. art. 434(A) requires all persons present at a grand jury proceeding, including a witness under examination, to keep the testimony of witnesses and all other matters occurring during the grand jury proceedings secret. The State further argues that La. C.Cr.P. art. 440 requires a grand jury witness to take an oath "to keep secret, except as authorized by law, matters which he learns at a grand jury meeting."

The question for this Court is whether these laws governing grand jury secrecy permit a prosecutor to disclose the testimony of a prior grand jury witness to another grand jury witness while under examination before the grand jury. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. C.C. art. 9; *Pumphrey v. City of New Orleans*, 05-979 (La. 4/4/06), 925 So.2d 1202, 1209. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10; *Pumphrey*, 925 So.2d at 1209. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter, and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it. *Pumphrey*, 925 So.2d at 1210.

12

Before we begin our analysis of the grand jury secrecy laws, we note that in its reasons for denying defendant's motion to quash the indictment, the trial court relied in part on this Court's prior decision in a related matter denying defendant Blaise Gravois' writ application seeking review of the trial court's denial of his motion to compel the production of the same grand jury transcripts.[9] *See State v. Gravois*, 18-615 (La. App. 5 Cir. 2/26/2019) (unpublished writ decision). The trial court noted in its written reasons that this Court determined that it did not find information in the grand jury transcripts that would warrant providing Mr. Gravois access to the transcripts. We note, however, that the writ application filed by Mr. Gravois in the related matter did not raise assignments of error with respect to alleged violations by the State of grand jury secrecy under *Gutweiler* or the applicable grand jury secrecy provisions. Furthermore, the record in the related matter did not contain the "review sheets" prepared by the Attorney General's Office for each witness outlining the proposed questioning and testimony potentially violating grand jury secrecy laws. Therefore, we find this prior ruling is not determinative of the issues currently before this Court.

We further acknowledge that the present matter is distinguishable from *Gutweiler*, *supra*, as the disclosures occurred during a grand jury session after the witness was sworn to maintain secrecy, as opposed to providing transcripts to prospective grand jury witnesses who have not yet been sworn to secrecy. However, simply because a grand jury witness is bound by law to maintain secrecy does not mean he or she is entitled to unfettered access to all prior grand jury testimony without prior court approval.

Pursuant to La. C.Cr.P. art. 433(A)(1)(c), a "witness under examination" may be present at grand jury session during his or her own examination. La.

---

[9] Mr. Gravois is the St. James Parish Director of Operations and Public Works. On September 26, 2018, the same grand jury also returned an indictment against Mr. Gravois, which included five counts of malfeasance in office in violation of La. R.S. 14:134, identical to Counts 1 through 5 charged against defendant. The District Attorney is prosecuting Mr. Gravois in separate proceedings before a different trial court.

13

C.Cr.P. art. 434(A) requires "all persons present at a grand jury meeting . . . shall keep secret the testimony of witnesses and all other matter occurring at, or directly connected with, a meeting of the grand jury." Official Revision Comment (b) to Article 434 provides that "[t]he secrecy required of a witness serves to restrain him from disclosing matters which he learns by being present at the grand jury meeting, such as (1) what offenses are under investigation, (2) which persons are under investigation, and (3) the names of persons who have been, or will be, called to testify." Finally, as noted above, La. C.Cr.P. art. 440 requires a grand jury witness "to swear to keep secret, except as authorized by law, matters which he learns at a grand jury meeting."

These provisions contemplate that a grand jury witness may learn certain information regarding the grand jury investigation during his or her examination before the grand jury. However, these provisions do not permit a witness under examination unfettered access to prior grand jury testimony. Contrary to the State's arguments, these provisions do not declare that a prosecutor cannot violate grand jury secrecy during a grand jury session. Furthermore, these provisions do not permit a witness to be present during another grand jury witness' examination, and they do not permit a prosecutor to inform a subsequent witness about the content of the testimony provided by another specific grand jury witness.

As outlined above, disclosure by a prosecutor of the content of a particular witness' grand jury testimony to another grand jury witness is not a statutory exception to grand jury secrecy laws set forth in either La. C.Cr.P. arts. 434 or 434.1, unless the subsequent witness is a prosecutor or law enforcement officer, or state expert or investigator. The State is also permitted to disclose material evidence favorable to the defendant that was presented to the grand jury and can disclose to a trial witness, any prior inconsistent statements that witness made

14

before the grand jury. None of these exceptions permit the numerous disclosures made by the State in the present matter.

Most significantly, if the State believed a compelling need existed to examine a subsequent grand jury witness about testimony provided by a particular witness, it could have sought leave from the court prior to the disclosures. *See Ross*, *supra.* However, the State chose not to do this and instead, made numerous disclosures, which do not seem to rise to the level of a compelling necessity. In fact, in nearly every instance noted by the State on the review sheets as a *Gutweiler* or potential *Gutweiler*, our review indicates it was unnecessary for the State to disclose the identity and content of the prior witness' testimony in order to question the witness about the particular subject at issue. The State could have simply questioned the witnesses about information it learned without informing the witness that the information was obtained from a prior witness during his grand jury testimony. Unnecessarily informing a subsequent grand jury witness of the content of a particular witness' testimony could have influenced the subsequent witness' testimony and thwart the goal of promoting free and open disclosure of information by the witness.

We further note that the instances where the ADAs expressed their belief that a prior witness' testimony was evasive and unbelievable, mischaracterized prior testimony, and insinuated that a witness may have engaged in criminal activity also thwart the reasons for maintaining grand jury secrecy. In addition to potentially influencing the subsequent witness' testimony, these actions also potentially influenced the grand jury's interpretation of the prior grand jury testimony. Through their commentary and characterizations of the prior testimony, the ADAs possibly exerted prejudice and influence on members of the grand jury that grand jury secrecy laws seek to prevent.

15

Based on the foregoing, we find that the trial court abused its discretion by failing to conclude that the State violated grand jury secrecy under the facts and circumstances present in this matter.

*Quashing the Indictment*

In his second assignment of error, defendant contends the trial court abused its discretion by failing to quash his indictment.

After confirming that the State violated grand jury secrecy, the Supreme Court in *Gutweiler* relied upon *State v. Revere*, 94 So.2d 25 (La. 1957), as support for its ruling that the trial court properly quashed the indictment for the State's violation. *Gutweiler*, 979 So.2d at 478. In *Revere*, the court was presented with a grand jury secrecy violation: the presence of an unauthorized person in the grand jury room. 94 So.2d at 27. The *Revere* court held the defendant was not required to show prejudice or injury in order to have an indictment quashed for the State's violation of grand jury secrecy because it would be impossible for the accused to prove the injury before the trial. *Id.* at 33. The court noted that it was not the fact whether prejudice actually resulted that was of primary and vital concern, but that an opportunity was made possible to exert prejudice and influence on members of the grand jury that must be guarded against. *Id*. The *Gutweiler* court reasoned that the disclosure of the transcript of a witness' grand jury testimony to another witness, prior to his testimony, is a violation of grand jury secrecy no different than that of the presence of an unauthorized person in the grand jury room, and can require quashal of the indictment without the necessity of the accused showing prejudice or injury thereby. *Gutweiler*, 979 So.2d at 481.

Because defendant was not required to show prejudice or injury in order to have the indictment quashed for a violation of grand jury secrecy, we find that that trial court abused its discretion by declining to grant defendant's motion to quash the indictment against him. Based on our finding above that the State violated

16

grand jury secrecy, we vacate the trial court's March 13, 2019 Judgment denying

defendant's Motion to Quash for Violation of Grand Jury Secrecy and enter a

judgment quashing the indictment brought against the defendant in this matter.

**<u>WRIT GRANTED; MOTION TO QUASH
INDICTMENT GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 15, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-K-189

## E-NOTIFIED

23RD JUDICIAL DISTRICT COURT (CLERK)
HON. JASON VERDIGETS (DISTRICT JUDGE)
CHARLES S. LONG (RESPONDENT)          GRANT L. WILLIS (RESPONDENT)          BRIAN J. CAPITELLI (RELATOR)
ROBIN C. O'BANNON (RESPONDENT)        JUSTINE G. DANIEL (RELATOR)

## MAILED

RALPH CAPITELLI (RELATOR)          HONORABLE RICKY L. BABIN          HON. JEFFREY M. LANDRY (RESPONDENT)
ATTORNEY AT LAW                    (RESPONDENT)                       ATTORNEY GENERAL
1100 POYDRAS STREET                DISTRICT ATTORNEY                  LOUISIANA DEPARTMENT OF JUSTICE
SUITE 2950                         23RD JUDICIAL DISTRICT COURT       1885 NORTH 3RD STREET
NEW ORLEANS, LA 70163              POST OFFICE BOX 66                 6TH FLOOR, LIVINGSTON BUILDING
                                   CONVENT, LA 70723                  BATON ROUGE, LA 70802

BARRY D. MILLIGAN (RESPONDENT)
ASSISTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804