STATE OF LOUISIANA                          NO. 24-K-417

VERSUS                                      FIFTH CIRCUIT

CARLOS MANUEL                               COURT OF APPEAL

                                            STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ September 20, 2024 _____

Linda Wiseman
First Deputy Clerk

IN RE STATE OF LOUISIANA

---

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 22-6147

---

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

## WRIT GRANTED FOR LIMITED PURPOSE

The State of Louisiana (the State) seeks this Court's supervisory review of the trial court's August 30, 2024 ruling denying its Petition for Rule to Show Cause/Motion for Bond Forfeiture ("Motion").  In the instant writ application, the State argues that the trial court erred in denying its Motion on the basis that the defendant had been deported. The State contends that it satisfied all of the elements required by La. C.Cr.P. art. 336 to forfeit the bail undertaking in this case and therefore, the trial court was required to order the forfeiture of the bail undertaking under the law. Attached in support of the application is the transcript of the August 30, 2024 hearing and exhibits filed in the trial court record.

Unless one of three circumstances identified in La. C.Cr.P. art. 338 are presented[1], a trial court shall order forfeiture of bond where the state presents proof in a contradictory hearing of: (1) the bail undertaking, (2) the power of attorney, if any, (3) notice to the defendant and the surety as required by article 334, and (4)

---

[1] La. Code Crim. Proc. Ann. art. 338
   A. A judgment decreeing the forfeiture of a bail undertaking shall not be rendered if it is proven, at or prior to the hearing on a rule to show cause, that the defendant, principal on the bail undertaking, failed to appear in court because of any of the following:
       (1) The defendant was serving in the armed forces of the United States.
       (2) The defendant was a member of the Louisiana National Guard called to duty pursuant to R.S. 29:7.
       (3) The defendant was prevented from appearing due to a state of emergency declared by the governor.
   B. There shall be a rebuttable presumption that the calling of the defendant to duty pursuant to R.S. 29:7 prevented the defendant, principal on the bail undertaking, from attending court.

1

proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent. La. C.Cr.P. art. 336(A).

Our review of the transcript of the August 30, 2024 hearing reflects that the State sought to introduce "the entire record of these proceedings, including the bond instrument, as well as, the notices to the defendant and surety" at the onset of the forfeiture hearing. However, there is no indication that the trial court admitted the exhibits into evidence. Exhibits and attachments not properly and officially offered and admitted into evidence cannot be considered, even if it is physically filed into the trial court record. *State v. Leggett*, No. 18-K-647, 2019 WL 1246911 (La. App. 5 Cir. Mar. 18, 2019); *State v. Whitley*, 14-737 (La. App. 5 Cir. 3/25/15), 169 So.3d 658, 660 n.1 (citing *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88). Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux*, *supra*.

Accordingly, we grant the writ application for the limited purpose of remanding this matter to the trial court for reopening the hearing on the State's motion, so as to allow the State the opportunity to properly offer, file and introduce the exhibits and to have the trial court rule on their admissibility accordingly.

Gretna, Louisiana, this 20th day of September, 2024.

**TSM**
**SMC**
**SJW**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/20/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-417**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
David B. Wheeler (Relator)                    Thomas J. Butler (Relator)

### MAILED

Elda Mejia Torres  (Respondent)         Carlos Manuel  (Respondent)         Honorable Paul D. Connick, Jr. (Relator)
In Proper Person                        In Proper Person                    District Attorney
11 Kerney Court                         N/A                                 Twenty-Fourth Judicial District
Laplace, LA 70068                       , LA                                200 Derbigny Street
                                                                            Gretna, LA 70053